```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


QUANTAM SAIL DESIGN GROUP,LLC,   :
                                 :
             Plaintiff,           :
                                 :
v.                               :     CIV. NO. 3:03cv281 (WWE)
                                 :
                                 :
                                 :
LIBERTY ENTERPRISES, INC.,       :
d/b/a/ QUANTUM EASTERN LONG      :
ISLAND SOUND, LIBERTY SERVICES,  :
LLC, DEBORAH LIBERTY and SAIL    :
REPAIR COMPANY,                  :
                                 :
             Defendants.          :
```

RULING on MOTION FOR ORDER

Plaintiff filed the instant action on February 14, 2003, pursuant to the Uniform Fraudulent Transfer Act ("UFTA"), Conn. Gen. Stat. §§ 52-552a, et seq. (2002), alleging that defendant Liberty Enterprises fraudulently transferred assets to defendant Liberty Services in order to avoid payment on a debt owed by Liberty Enterprises to plaintiff as the result of a default judgment in a prior proceeding.  See Quantam Sail Design Group v. Liberty Enterprises, et al., 3:02cv1434 (PCD).  On July 21, 2003, the court granted a second default judgment in plaintiff's favor against Liberty Enterprises, and ordered plaintiff to provide an itemized accounting of the amounts owed to plaintiff [doc. # 14]. Pending before the court is plaintiff's motion for order to

attach and levy the property that Liberty Enterprises fraudulently transferred to defendant Liberty Services [doc. # 15]. For the reasons below, plaintiff's motion for order **[doc. # 15]** is **DENIED WITHOUT PREJUDICE TO REFILING.**

Factual Background

On August 16, 2002, the plaintiff, Quantam Sail Design Group ("Quantam"), brought an action in the U.S. District Court for the District of Connecticut against Liberty Enterprises and its president, Billy Liberty.  See Quantam Sail Design Group v. Liberty Enterprises, et al., 3:02cv1434 (PCD).  Quantam sought damages for the breach of a franchise agreement between Liberty Enterprises and Quantam, including the failure of Liberty Enterprises to pay Quantam a debt in excess of $110,000. [Pl.'s Mot. at 2.] On September 26, 2002, the court granted Quantam's motion for default against Liberty Enterprises, and on January, 31, 2003, after an evidentiary hearing, Judge Dorsey awarded Quantam $218,320.74 in damages, $6,500 in attorney's fees, and $236.79 in costs. Id.

As of the date of the filing of this motion, Liberty Enterprises had not paid any portion of the judgment. On October 16, 2002, Liberty Enterprises transferred assets, including furniture, equipment, and other personalty, to Liberty Services, a newly formed company owned by Debra Liberty, the wife of Billy

Liberty, for $11,000. [Pl.'s Mot. at Ex. B.] At her deposition, Debra Liberty testified that, in addition to the items listed in the contract, she also purchased hardware and inventory from Liberty Enterprises listed in "the appraisals." [Pl.'s Mot. at Ex. C, Ex. D.] At her deposition, Debra Liberty also testified that she purchased the assets of Liberty Enterprises because Liberty Enterprises owed a sizeable debt to Quantam. [Pl.'s Mot. at Ex. C.]

Defendant Liberty Services filed an answer to the complaint on April 15, 2003, asserting defenses including the payment of reasonably equivalent value, good faith, and transfer made in the ordinary course of business [doc. # 9]. Liberty Enterprises did not defend the action, and a default judgment was entered by Judge Eginton in favor of the plaintiff on July 14, 2003. Plaintiff was ordered to submit an itemized accounting of the amounts owed.  Accordingly, Plaintiff submits the following:

1) January 31, 2003 Judgment (Ex. A)         $225,057.74
2) Interest on Judgment (2/1/03 - 7/31/03)    $11,253.00
3) Costs of this action (Ex. E)                $4,403.96
**TOTAL**                                    **$240,714.70**

In this action, plaintiff seeks: (a) an order voiding the transfer of Liberty Enterprises assets and business to Liberty Services; (b) an attachment of all of the transferred assets (and or/an attachment of the proceeds of the sale of these assets);

(c) a levy of execution on all assets of Liberty Enterprises subject to levy, including assets transferred to Liberty Services.

STANDARD OF LAW

Under Connecticut law, a creditor who prevails in a fraudulent conveyance action may avoid a transfer to the extent necessary to satisfy the creditor's claim. Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552h (2002). The statute provides, in relevant part:

> (a) In an action for relief against a transfer or obligation under sections 52-552a to 52-552l, inclusive, a creditor, subject to the limitations in section 52-552i, may obtain: (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim, (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by chapter 903a....

Conn. Gen. Stat. § 52-552h.

In other words, "[a] creditor may attach property which has been fraudulently conveyed by his debtor as though no conveyance had been made." Chemical Bank v. Dana, 234 B.R. 585, 595 (D.Conn. 1999); Olin Corporation v. Castells, 180 Conn. 49, 52 (1980).

Under the UFTA, a transferee acting in good faith has a statutory defense to a fraudulent transfer claim. The statute states, in relevant part:

> (a) A transfer or obligation is not voidable under subdivision (1) of subsection (a) of

4

> section 52-552e against a person who took in good faith and for a reasonably equivalent value.
>
> (b) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under subdivision (1) of subsection (a) of section 52-552h, the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (d) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against: (1) The first transferee of the asset or the person for whose benefit the transfer was made, or (2) any subsequent transferee other than a good-faith transferee who took for value or from any subsequent transferee
> . . .
>
> (d) Notwithstanding voidability of a transfer or an obligation under sections 52-552a to 52-552l, inclusive, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to (1) a lien on or a right to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability on the judgment.

Conn. Gen. Stat. § 52-552(i).

The UFTA does not define the term good faith; however, Connecticut courts have borrowed from bankruptcy law where, in order to prove good faith, the transfer must have occurred in an arms-length bargain, and the transferee must have no intent to, or knowledge of the fact that transaction will, hinder, delay, or defraud others. Yolen v. Wright, 2003 Conn. Super. LEXIS 1754, at *2 (Conn. Super. 2003)(citing Bankruptcy. Code, 11 U.S.C.A. §

548(c); In re Colonial Realty Co., 210 B.R. 921 (1997). Whether a transferee acted in bad faith is a question of fact for the trier of fact. Zapolsky v. Sacks, 191 Conn. 194, 464 A.2d 30 (1983).

DISCUSSION

At oral argument on a related pending discovery matter, counsel for the parties discussed the issues presented by the instant motion. Plaintiff contends that the default judgment entered against Liberty Enterprises by the court in this action establishes that the transfer of the assets to Liberty Services was fraudulent as a matter of law and that, as a judgment creditor, plaintiff is entitled to an attachment of the fraudulently transferred assets pursuant to the UFTA. Plaintiff argues that as a result of the default judgment, Liberty Services is not entitled to raise affirmative defenses as to whether the transfer was fraudulent. Plaintiff also argues that Debra Liberty's deposition testimony that she knew of the debt owed to plaintiff by Liberty Enterprises before the transfer precludes any good faith defense. Plaintiff's position is that, at most, Liberty Services may be entitled to a lien on the property in the amount of $11,000 - the amount paid by Debra Liberty to her husband for the purchase of all the assets. [Pl.'s Reply Mem. at 3.]

Defendant Liberty Services argues, on the other hand, that

6

the default judgment was rendered only against the transferor, Liberty Enterprises and that, as a transferee, it is entitled to assert its own affirmative defenses of good faith, payment of reasonably equivalent value, and transfer made in the ordinary course of business.  Liberty Services contends that it is entitled to discovery on its affirmative defenses. Additionally, Liberty Services asserts that, under the UFTA, plaintiff may only recover judgment for the value of the assets transferred at the time of the transfer, adjustment to the extent of value given for the transfer and the right to retain a lien or interest in the assets transferred, or a reduction in the amount of liability in any judgment, and other equitable considerations. [Def. Mem. at 3rd un-numbered page.]

The plain language of the UFTA provides that a transferee acting in good faith has a defense to a fraudulent transfer claim.  See Conn. Gen. Stat. § 52-552h. There is no precedent under Connecticut law for plaintiff's assertion that a default judgment entered against the transferor in an action under the UFTA automatically extinguishes the right of a transferee to litigate its affirmative defenses.  Under the UFTA, in a case in which default judgment has been entered against a transferor, a transferee who has filed a timely answer to the complaint must be afforded an opportunity to litigate the affirmative defenses provided by the statute.  In this case, the transferee, Liberty

Services, has filed a timely answer and has not yet had the opportunity to be fully heard on its statutory defenses. Because the court has determined that Liberty Services is entitled to present its statutory defenses, the court orders limited discovery and denies plaintiff's motion without prejudice to refiling at the conclusion of discovery.[1]

The UFTA provides that a transferee must establish both good faith and the payment of reasonably equivalent value in order to defend against a fraudulent transfer claim. The parties have raised a question of fact about the good faith element, based upon Debra Liberty's deposition testimony that she knew about the debt owed by Liberty Enterprises to the plaintiff prior to the transfer of the assets. The court orders further proceedings solely on the issue of whether Liberty Services acquired the transferred property from Liberty Enterprises in good faith. If Liberty Services' good faith is established, the court will order further discovery on the issue of payment of reasonably equivalent value. Accordingly, the court orders limited discovery solely on the issue of Liberty Services' good faith defense to be completed on or before April 16, 2004. The parties may file supplemental briefs on this issue on or before Monday,

---

[1] The fact that the transferee and transferor in this case are husband and wife has not been lost on the court. However, this fact alone does not provide grounds to deprive the transferee of the right to present a defense.

May 7, 2004.

In light of this ruling, the parties shall endeavor to resolve the discovery dispute giving rise to defendant's motion to compel [doc. # 19]. The parties shall contact the court via telephone within five (5) days of the docketing of this ruling in order to report on the status of these efforts. If the parties are unable to resolve the issues raised by defendant's motion to compel, a ruling shall issue.

CONCLUSION

For the reasons discussed above, plaintiff's motion for order **[doc. # 15]** is **DENIED WITHOUT PREJUDICE TO REFILING** at the conclusion of discovery on Liberty Services' affirmative defenses.

SO ORDERED at Bridgeport this 26th day of March 2004.

```
___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```